UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ALISE COOKS, | 4:25-CV-04106-ECS |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT''S MOTION TO STRIKE OR DISREGARD PLAINTIFF'S SUR-REPLY AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO RESPOND |
| NATURAL GROCERS BY VITAMIN COTTAGE, INC., | |
| Defendant. | |

On July 24, 2025, Defendant Natural Grocers filed a motion to compel arbitration and stay proceedings. Doc. 6. Pro se Plaintiff, Alise Cooks, responded to that motion on July 25, 2025. Doc. 8. Natural Grocers filed its reply on August 14, 2025. Doc. 11. The next day, without moving this Court for permission, Ms. Cooks filed a sur-reply. Doc. 12. Natural Grocers notes "new arguments, which contain new facts and evidence" raised in that sur-reply and moves the Court to either strike the sur-reply or grant leave for Natural Grocers to respond to it. Doc. 13.

Neither the Federal Rules of Civil Procedure nor the District of South Dakota local rules "expressly authorize[] the filing of a sur-reply." Buergofol GmbH v. Omega Liner Co., No. 4:22-CV-04112-KES, 2025 WL 964541, at *2 (D.S.D. Mar. 28, 2025). Even so, a sur-reply can be appropriate when a "reply brief contains new information or arguments for which an opportunity

to respond is needed." <u>Counts v. Wasko</u>, No. 4:23-CV-04103-KES, 2024 WL 4068651, at *3 (D.S.D. Sept. 5, 2024) (citation omitted). Parties are required to move a court for permission to file a sur-reply, and the question of granting such a motion is left to the court's discretion. <u>Buergofol</u>, 2025 WL 964541, at *2 (citations omitted); <u>Lightner v. Catalent CTS (Kan. City), LLC</u>, 89 F.4th 648, 655 (8th Cir. 2023).

"[P]ro se litigants must comply with court rules and directives." <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005). But case law also exists asking courts to treat "documents filed by pro se litigants . . . with a degree of indulgence, in order to avoid a meritorious claim[] being lost through inadvertence or misunderstanding." <u>Williams v. Carter</u>, 10 F.3d 563, 567 (8th Cir. 1993).

Here, rather than attempt to unring the bell by striking Ms. Cooks' sur-reply, the Court finds it most prudent to allow Natural Grocers to respond to it and address any new information found within.

For the above reasons, and the record as it now exists before this Court, it is hereby:

ORDERED that Defendant's Motion to Strike or Disregard Plaintiff's Sur-Reply is denied. It is further

ORDERED that Defendant's Motion for Leave to Respond is granted. Defendant's response to the sur-reply shall be filed no later than September 9, 2025. It is finally

ORDERED that Ms. Cooks shall not file any further replies to Natural Grocers' motion without leave of court.

DATED this 25th day of August, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3