UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ALISE COOKS,<br><br>              Plaintiff,<br><br>vs.<br><br>NATURAL GROCERS BY VITAMIN COTTAGE, INC.,<br><br>              Defendant. | 4:25-CV-04106-ECS<br><br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |

      The Federal Arbitration Act (FAA) reflects a national policy favoring arbitration. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 345–46 (2011). "The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." Id. at 344 (quoting Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989) (citation modified)). So, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, §3 of the FAA compels the court to stay the proceeding." Smith v. Spizzirri, 601 U.S. 472, 478 (2024). A dispute is arbitrable if a valid agreement between the parties says so. Foster v. Walmart, Inc., 15 F.4th 860, 862 (8th Cir. 2021); see 9 U.S.C. § 2.

      Plaintiff Alise Cooks is a former employee of Natural Grocers. Doc. 1 at 5; Doc 7 at 2. On June 18, 2025, Cooks brought this action against her former employer alleging various claims of discrimination and retaliation. Doc. 1. But according to Natural Grocers, Cooks agreed to

settle any dispute arising out of her employment through binding arbitration. Doc. 7 at 2–3; see Doc. 7-2. So, Natural Grocers moves the Court to stay these proceedings and compel arbitration. Doc. 6. In support, Natural Grocers proffers the Arbitration Agreement and Class Action Waiver it says Cooks electronically signed on February 10, 2024, at 5:15 A.M. Doc. 7-2.

The validity of the arbitration agreement is determined by state contract law. Barker v. Golf U.S.A., Inc., 154 F.3d 788, 791 (8th Cir. 1998). In South Dakota, the essential elements of a contract are "(1) Parties capable of contracting; (2) Their consent; (3) A lawful object; and (4) Sufficient cause or consideration." SDCL § 53-1-2. No party here argues an incapacity to contract. The object is lawful—the agreement to arbitrate disputes individually. Doc. 7-2 at 1; Epic Sys. Corp. v. Lewis, 584 U.S. 497, 509–25 (2018). The consideration is the offer of employment. Doc. 7-2 at 1. Consent is disputed. Cooks argues that she did not sign the agreement and that "[o]n February 10th at 5:15 am [she] was asleep." Doc. 12 at 1.

When a genuine issue of fact exists concerning the formation of an arbitration agreement, a district court must conduct a trial on the issue. 9 U.S.C. § 4; Foster, 15 F.4th at 865; Arif v. Wells Fargo Bank, N.A., No. 4:24-CV-04044-LLP, 2025 WL 949551, at *10 (D.S.D. Mar. 28, 2025) (citations omitted). Where "the party alleged to be in default" does not demand a jury trial, it is the Court's duty to "hear and determine such issue." 9 U.S.C. § 4. Here, Cooks requested "an oral hearing" on the matter. Docs. 16, 20.

The Court conducted an evidentiary hearing on December 19, 2025, at Sioux Falls, South Dakota. Doc. 25. The Court heard oral argument and received evidence in the form of witness testimony and exhibits. Id. The Court then took the matter under advisement. After careful consideration, the Court now concludes that a valid arbitration agreement exists between the parties.

Because Cooks disputes the validity of her electronic signature, the Court's decision is guided by SDCL § 53-12-21, which states:

> An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable.

At the evidentiary hearing, Heidi Hayward, Vice President of Human Resources at Natural Grocers, testified about the procedure a Natural Grocers employment candidate navigates to transition to employee status. The process begins with a candidate creating a profile in iCIMS—Natural Grocers' applicant tracking software. The candidate accesses that system by creating a username and a password. After applying for a position, the candidate moves through steps in the iCIMS system such as being selected for an interview. Once an offer for the candidate is loaded into iCIMS, a workflow is triggered, launching an email to the address associated with the candidate's profile. The email invites the candidate to view the offer by clicking on an embedded link and entering her access credentials. To accept the offer, the candidate acknowledges and accepts the terms of the offer as well as the arbitration agreement / class action waiver through electronic signature. These steps are mandatory, and their completion triggers the new employee's welcome email detailing the next steps in the onboarding process.

Natural Grocers entered into evidence screenshots from its system's "iForms Center" indicating Cooks electronically signed both her offer and the arbitration agreement on February 10, 2024, at 5:15 A.M. Doc. 27 at 14–15.

The Court is persuaded by this testimony and exhibit that Cooks accessed and accepted both her offer and the arbitration agreement using her password-protected credentials on February 10, 2024. Cooks' only defense to the fact of her signature is that she was not awake at

3

5:15 A.M. But Hayward testified that the timestamp on the forms is indicative of the time zone in which they are accessed, noting that Natural Grocers' home office is in Denver. Further, Hayward clarified after questioning from this Court that the offer was sent to Cooks the day before Cooks signed it at 5:15 A.M. Cooks did not engage with this testimony at the evidentiary hearing. The Court is satisfied that the electronic signatures received into evidence were the acts of Cooks. SDCL § 53-12-21.

Even if Cooks did sign the arbitration agreement, she argues it is unconscionable because of the parties' unequal bargaining power. Doc. 12 at 1. But as Natural Grocers notes, "there will often be unequal bargaining power between employers and employees." Doc. 11 at 5 (quoting Baker v. Sci. Applications Int'l Corp., No. Civ. 06-4096, 2006 WL 2708546, at *2 (D.S.D. Sept. 21, 2006)). Adopting Cooks' logic would render any term of her former employment unconscionable—her wage, her job duties, her title—simply because Natural Grocers possessed greater bargaining power. The impracticality of that outcome demonstrates why "[m]ere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991).

An arbitration agreement is unconscionable when any contract would be. Id. In South Dakota, a contract is unconscionable if it is a "[o]ne-sided agreement[ ] whereby one party is left without a remedy for another party's breach." Baldwin v. Nat'l Coll., 537 N.W.2d 14, 17 (S.D. 1995) (citation omitted). Cooks' arbitration agreement provides a vehicle for her to seek a remedy for breach. If the Court were to assume the contract is one of adhesion, it is unconscionable if the arbitration requirement is an "overly harsh or one-sided term[ ]." Nygaard v. Sioux Valley Hosps. & Health Sys., 731 N.W.2d 184, 194–95 (S.D. 2007) (quoting Johnson v.

John Deere Co., 306 N.W.2d 231, 237 (S.D. 1981)). Considering our national policy favoring arbitration, it would not be prudent for this Court to hold, as Cooks requests, that the arbitration requirement in this case is overly harsh or one-sided. Instead, the Court holds the arbitration requirement in this case is valid and not unconscionable.

Having found a valid arbitration agreement exists between the parties, the Court must determine whether it covers the claims brought here. Foster, 15 F.4th at 862. The agreement states that Cooks will settle "[a]ny dispute, controversy or claim arising out of or relating to [her] employment with the Company or the termination thereof." Doc. 7-2 at 1. Because Cooks' claims arise out of her employment with and termination from Natural Grocers, see generally Doc. 1, the Court holds that the disputes are arbitrable. The Court must stay this matter while the parties proceed to arbitration. Smith, 601 U.S. at 478; 9 U.S.C. § 3.

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Defendant's Motion to Compel Arbitration and Stay Proceedings, Doc. 6, is granted. Pursuant to 9 U.S.C. § 3, the Court stays this case and refers it to arbitration. The parties shall inform the Court about the status of the case once arbitration is complete.

DATED this 6th day of January, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE