UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ALISE COOKS,<br><br>      Plaintiff,<br><br>vs.<br><br>NATURAL GROCERS BY VITAMIN COTTAGE, INC.,<br><br>      Defendant. | 4:25-CV-04106-ECS<br><br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE |

  Plaintiff Alise Cooks, who is pro se, commenced this action against Natural Grocers by Vitamin Cottage, Inc. ("Natural Grocers"), her former employer, alleging discrimination and retaliation.  Doc. 1.  Natural Grocers moved to compel arbitration and stay this proceeding.  Doc. 6.  According to Natural Grocers, Cooks and Natural Grocers entered into an Arbitration Agreement and Class Act Waiver in connection with Cooks' acceptance of an employment offer.  Id. ¶ 1.  Natural Grocers contends that the arbitration agreement provides that the claims at issue in this lawsuit are subject to mandatory arbitration before the American Arbitration Association.  Id. ¶ 3.  Cooks disputes that she executed the arbitration agreement and contends that the agreement is one-sided and unconscionable.  Docs. 8, 12.  After reviewing the parties' written submissions, the Court scheduled a hearing on Natural Grocers' Motion to Compel Arbitration and Stay Proceedings.  Docs. 21, 23, 24.  Because there were fact issues concerning the formation of the arbitration agreement, the Court conducted an evidentiary hearing on December 19, 2025.  Doc. 25.  The parties presented testimony and offered exhibits, and the Court permitted the parties to present oral argument at the conclusion of the evidentiary hearing.  Id.

At the conclusion of the hearing, the Court took the matter under advisement. Id. On January 6, 2026, the Court issued an order granting Natural Grocers' Motion to Compel Arbitration and Stay Proceedings. Doc. 30. Cooks then filed a motion to recuse "due to biased behaviors." Doc. 31 ¶ 11.

## LEGAL STANDARD AND ANALYSIS

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." United States v. Anderson, 433 F.2d 856, 859 (8th Cir. 1970). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Faul, 748 F.2d at 1211 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Cooks' motion is not verified and does not meet the legal definition of an affidavit, but even if it did, it is factually insufficient. Although Cooks summarily alleges that the Court is biased, Cooks does not identify any extrajudicial source of the alleged bias that resulted in an opinion based on anything other than what the undersigned has learned from his participation in the case. The Court now addresses each of arguments Cooks sets out in her motion to recuse.

First, Cooks asserts that "[t]he court has taken the defendants [sic] side and has been biased during this entire process. Including giving the defendant various extensions even when request were [sic] made in an untimely manner." Doc. 31 ¶ 4. The Court has granted two motions to extend filed by Natural Grocers because Natural Grocers demonstrated good cause, not because of any bias in favor of Natural Grocers. The Court extended Natural Grocers' time

2

to file a reply brief in support of the Motion to Compel Arbitration and Stay Proceedings by one week because Natural Grocers' counsel had a medical emergency requiring surgery and hospitalization a few days before the reply brief was due. Doc. 9 ¶ 5; Doc. 10. Initially, the Court scheduled a hearing on the Motion to Compel Arbitration and Stay Proceedings for November 7, 2025. Doc. 21. On November 4, 2025, Natural Grocers file a Motion to Continue Oral Argument because Natural Grocers' only anticipated witness, Heidi Hayward, the Vice President of Human Resources, was "unexpectedly unavailable . . . due to a family emergency[.]" Doc. 22 ¶ 3. The Court granted Natural Grocers' Motion to Continue, finding good cause because Natural Grocers' fact witness was unable to participate in the hearing due to a family emergency. Doc. 23. Notably, Cooks does not argue that she was prejudiced by the delay. Continuing an evidentiary hearing because a family emergency makes a fact witness unavailable to participate in an evidentiary hearing does not demonstrate personal bias or prejudice. Similarly, extending the deadline for filing a brief because a party's counsel experienced a medical emergency does not demonstrate personal bias or prejudice.

Second, Cooks contends that during the evidentiary hearing the undersigned stated, "I'm assuming you want to get to the arguments[.]" Doc. 31 ¶ 5. According to Cooks, she believes this was "an offensive and biased remark." Id. The undersigned does not recall making the statement that Cooks recalls, and no such statement appears in the draft transcript of the hearing the undersigned has reviewed. Because Cooks is not represented by counsel and Natural Grocers was represented by counsel during the hearing, the Court, throughout the hearing, explained the process to Cooks so that she had opportunity to fully develop the record. At the beginning of the hearing, the Court explained the standard articulated in Arif v. Wells Fargo Bank, N.A., No. 4:24-CV-04044-LLP, 2025 WL 949551 (D.S.D. Mar. 28. 2025) that guides the Court when

3

considering a motion to compel arbitration. Next, the Court explained that Natural Grocers would present evidence and testimony first since it was the party moving to compel arbitration. After Natural Grocers' witness or witnesses testified, the Court informed Cooks she would be allowed an opportunity to cross-examine the witness. The Court also informed Cooks that she would be permitted to present evidence and testify if she chose to do so. After the parties presented evidence and testimony, the Court informed the parties that they could each present argument for the Court's consideration. The Court reiterated the Court's desire to develop a full record. After explaining the process to the parties, the Court permitted each party to ask questions about the process before proceeding with the evidentiary hearing.

After Natural Grocers completed presenting its evidence, the Court explained to Cooks that she has an opportunity to present any testimony or evidence that she wanted the Court to consider. The Court explained that if Cooks wanted to testify the clerk would place her under oath. Before she was placed under oath, Cooks stated that she had not signed an arbitration agreement. The Court advised Cooks that it did not intend to be rude by interrupting and again explained to Cooks that if she wanted to present evidence or testimony, she had an opportunity to do so before presenting her argument. The Court asked whether Cooks wanted to present evidence or proceed straight to argument. Explaining to an unrepresented party the process the Court intends to follow during an evidentiary hearing does not demonstrate bias or prejudice.

Third, Cooks contends that "[a]fter court concluded, the defendant went up to have further conversation with the court[,]" and she "believe[s] this action was apart [sic] of the corruption." Doc. 31 ¶ 6. When the hearing concluded, the undersigned advised the parties that the Motion to Compel Arbitration and to Stay Proceedings would be taken under advisement and gave both parties an opportunity to raise any further issues before stating that the Court will be in

4

recess. After announcing the recess, the undersigned left the courtroom and had no further communication with Defendants' counsel or Cooks. If Defendants' counsel had any conversation with court personnel who were in the courtroom after the undersigned exited, such as the court reporter or the deputy clerk, the undersigned was not privy to the conversation and, therefore, could not have considered that conversation when ruling on the Motion to Compel Arbitration and Stay Proceedings.

Fourth and finally, Cooks devotes most of her motion to outlining why she disagrees with the Court's factual findings regarding formation of the arbitration agreement and legal conclusion that the arbitration agreement is not unconscionable. Doc. 31 ¶¶ 2, 3, 7, 9, 10. The Court's Order Granting Natural Grocers' Motion to Compel Arbitration and Stay Proceedings sets out the evidence and legal authorities the Court relied on in making its decision. See generally Doc. 30. Although some of the facts were in dispute, and the parties presented conflicting evidence, this does not mean that the undersigned is biased. Similarly, it seems clear that Cooks does not agree with the legal principles the United States Supreme Court, the South Dakota Supreme Court, and other courts in the District of South Dakota have applied when considering whether an arbitration agreement in the employment context is unconscionable. Consideration and application of binding legal precedent does not, as a matter of law, establish bias. As the United Supreme Court has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

5

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted); see also Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal).

## CONCLUSION

For all the reasons stated above, it is ORDERED that Cooks' Motion to Recuse, Doc. 31, is denied.

DATED this 9th day of February, 2026.

BY THE COURT:

*Eric Schulte*
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE